## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CORPORATION OF SOUTHERN ) | Case No. 20-10268-cab |
| VERMONT COLLEGE, INC. ) | *Chapter 7 case* |
| Debtor. ) | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING PROPOSED SALE OF FOURTEEN MOTOR VEHICLES BY PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. SECTIONS 363(b) & (f) AND (II) APPROVING THE TERMS AND CONDITIONS OF THE PROPOSED SALE PURSUANT TO 11 U.S.C. § 363(B) & (F)**

*(Southern Vermont College Motor Vehicles located at 932 Mansion Drive, Bennington, Vermont)*

Raymond J. Obuchowski, the chapter 7 trustee for this estate (the "Trustee"), requests the entry of an Order: (i) authorizing and approving a sale of fourteen (14) motor vehicles (the "SVC Vehicles") free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. Sections 363(b) & (f) by public auction;

This Motion is made in accordance with 11 U.S.C. § 363(b) & (f), Fed.R.Bankr.P. 6004(c), Vt. LBR 6004-1, and Vt. LBR 6005-1.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On August 24, 2020, (the "Petition Date"), a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq. ("Bankruptcy Code") was filed in the United States Bankruptcy Court for the District of Vermont ("Court") by The Corporation of Southern Vermont College, Inc., Case No. 20-10268[1].

3. On the same day, the Trustee was appointed, thereafter duly qualified, and continues to serve in that capacity.

4. The Debtor, Corporation of Southern Vermont College, Inc., ("SVC" or "College") is the entity which operated Southern Vermont College, as located in Bennington, Vermont until the cessation of operations as a college in mid-2019. On the Petition Date, SVC owned fourteen (14) motor vehicles being:

    a. 2016 Ford 250 VIN # 1FTBF2B63GEB28271 Mileage 12669 (includes plow & sander)

    b. 2013 Ford Bus VIN# 1FDFE4FS0DDA20769 Mileage 51410

    c. 2014 Ram Truck VIN # 3C6MR5AJ8EG165106 Mileage 49355 (6.4 hemi, includes plow)

    d. 2015 Honda Odyssey VIN # 5FNRL5H24FB038892, Mileage 18770

    e. 2014 Chevrolet Equinox VIN # 2GNFLGEK2E6377925 Mileage 40812

---

[1] The Debtor previously filed for relief on June 28, 2020, which case was subsequently dismissed on July 4, 2020, Case No. 20-10212.

    f.   2015 Chevrolet Equinox VIN# 1GNFLEEKOFZ132647 Mileage 46389

    g.   2010 Ford Van VIN# 1FBSS3BL7ADA62389 Mileage 98831

    h.   2010 Ford Van VIN # 1FBSS3BL1ADA72903 Mileage 92448

    i.   2010 Ford Van VIN# 1FBSS3BL5ADA72905 Mileage 108708

    j.   2010 Ford Van VIN # 1FBSS3BL0ADA72911 Mileage 98546

    k.   2010 Ford Van VIN # 1FBSS3BL8ADA62434 Mileage 115157

    l.   2001 Chevrolet Truck VIN # 1GBJG31G411235272 Mileage 117609

    m.   2002 Chevrolet Dump Truck VIN #1GBJK34U72E227046 Mileage 29657

    n.   2003 Chevrolet Express VIN #1GAHG39U631216240 Mileage 127826

5.   This Motion to Sell relates only to the motor vehicles.

6.   As of the Petition Date, the Debtor had scheduled the value of the vehicles as unknown, the Trustee has undertaken efforts to determine the value of the vehicles, which he has reason to believe is between $160,000 and $230,000.00.

7.   The Trustee respectfully requests an order of the Court allowing the Trustee to conduct an auction sale of the motor vehicles by public web and on-line auction.

8.   The Trustee believes that a well-advertised and managed public web and on-line auction sale is the most efficient method to effectively market and sell the vehicles for the highest value.

The Trustee proposes to engage Hirchak Brothers LLC dba THCAuction also known as the Thomas Hirchak Company to conduct the auction sale. This firm is a local and respected auction house and

is familiar to the Bankruptcy Court, with experience in auctions of the type involved in this case, and is in the process of making Application for his employment and seeking approval of the employment.

9. Trustee's proposal for selling the motor vehicles by public auction will provide notice through the Auctioneer's marketing and sale noticing and, with the Trustee's notice of the proposed sale to be given to the case creditors; parties in interest; all parties that have expressed interest in the vehicles. The sale will also be noticed through the Trustee's internet sale facilities including MarketAssetsforSale.com. and Inforuptcy.com.

## OTHER PARTIES ASSERTING LIENS AND ENCUMBRANCES AGAINST THE MOTOR VEHICLES

11. On the Petition Date, the Gatehouse Sale Property was arguably subject to the following liens or encumbrances of record (collectively, the "Encumbrances"):

   a. Security Agreement to Community Bank ("Community Bank") in the original principal amount of $8,500,000.00, on all inventory, equipment, accounts, deposit accounts, general intangibles, dated April 4, 2011, as perfected by UCC Financing Statement filed on April 5, 2011 with the Vermont Secretary of State File No. 11-240917, and Continuation Statement filed March 18, 2016.

   b. Security Agreement to Frederic Poses ("Poses") in an amount of $2,250,000.00 as scheduled by the Debtor through the Petition Date, dated April 4, 2011, and recorded in Book 478, page 29 of the Town of Bennington Land Records, and Security Agreement on all inventory, equipment, accounts, deposit accounts, general intangibles,

dated April 4, 2011[2] as perfected by UCC Financing Statement filed on March 22, 2019 with the Vermont Secretary of State File No. 19-347167

  c. Interest of the Vermont Attorney General in disposition of non-profit property pursuant to 11B V.S.A. §12.02.

12. The Trustee believes that neither Community Bank or Poses are notated as lienholders on the Certificate of Title, and by virtue of such failure do not have perfected liens are required by 23 V.S.A.§2042(a) and (b), and therefore have avoidable liens as to the vehicles. The Trustee believes that both Community Bank and Poses consent to the proposed sale and auction, and that the proceeds will be unencumbered, and that neither of their liens will apply to the proceeds.

### TERMS OF SALE

13. The proposed sale would be by a web-based on-line auction to open to bidding on December 14, 2020 and bidding would close on December 28, 2020 with sale to the highest bidder, with the pickup of the vehicles on December 29, 2020.

### PROCEEDS FROM SALE

14. The Estate would receive all of the proceeds from auction, subject to Auctioneer Commission and Expenses, as to be approved by the Court, upon Report of Sale and Application.

---

[2] Upon information provided by Poses's Counsel, the April 2011 security interest was perfected, but subsequently LAPSED for failure to file a Continuation Statement. The Trustee was unable to locate filing information with the Vermont Secretary of State as to the April 2011 filing.

15. The Trustee believes that Community Bank and Poses consent to the relief requested herein related to the auction sale of the vehicles under 11 U.S.C. § 363(b)&(f).

## RELIEF REQUESTED

16. By this Motion, the Trustee seeks authority to sell by public web-based online auction the SVC Motor Vehicles free and clear of all liens, claims, and other interests, including the Encumbrances of Community Bank and Poses.

17. Section 363(f) of the Bankruptcy Code provides as follows:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interests in such property of an entity other than the estate, only if

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

18. The Trustee asserts that the possible secured parties consent to the sale and that the perfection of the liens are in bona fide.

## GROUNDS FOR RELIEF

19. Section 105(a) of the Bankruptcy Code grants the Court authority to "issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." "It is well established that the bankruptcy court enjoys broad equitable power under section 105." *In re Rubenstein*, 2010 WL 3765952, at *7 (Bankr. D. Conn. Sept. 20, 2010)(citing *United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990)).

20. Rule 6004(c) of the Bankruptcy Rules provides that a "motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold." Local Rule 6004-1 also provides that a "party seeking to sell property free and clear of liens under § 363(f) of the Code must file a motion and obtain a Court order approving the sale" and identifies certain information that must be included in the motion, which information is set forth above and in the paragraphs below.

21. In accordance with Local Rule 6004-1(a)(1)(I), the Trustee has identified and provided notice to all parties with an interest in the property being sold by providing notice to any party that submitted a secured claim in the Debtor's Bankruptcy Case that is secured by the SVC Motor Vehicles.

22. In accordance with Local Rule 6004-1(a)(1)(J), the Trustee affirms that the proposed sale complies with 11 U.S.C. § 363(f), as explained below.

23. Section 363(b) of the Bankruptcy Code provides that the trustee, may sell property of the estate "other than in the ordinary course of business" after notice and a hearing. 11 U.S.C.

§ 363(b)(1). Section 363(f) provides that the "trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate" if at least one of several conditions enumerated in § 363(f) is satisfied. In this case, the applicable conditions permitting a free and clear sale include: the sale is being made with consent of all interest holders, and the interest holders "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(2) and (5).

24. The Trustee seeks to pursue a sale of the SVC Motor Vehicles to third-party Buyers since the Buyers will receive clean title to the Property because any interests against the Property attach to the proceeds and the Buyer will not inherit the estate's debts, which resulted in a higher sale price, maximizing the value of the Bankruptcy Estate. *See In re Old Carco LLC*, 538 B.R. 674, 682 n. 6 (S.D.N.Y. 2015)(explaining that the purpose of the Bankruptcy Code is to maximize the value of the bankruptcy estate and Section 363(f) promotes that policy by maximizing the value of assets that are sold).

25. Under 11 U.S.C. § 363(f)(2), property sold pursuant to §363(b) may be sold "free and clear of any interest" when the "entity holding the interest consents to the sale." *See In re Chrysler LLC*, 576 F.3d 108, 119 (2d Cir. 2009)(vacated on other grounds).

26. Here, under 11 U.S.C. § 363(f)(2), the entities holding an interest in the SVC Motor Vehicles are the Community Bank, and Poses. The Trustee expects and each of these parties will expressly consent to the sale.

27. In the alternative, under 11 U.S.C. 363(f)(5), property sold pursuant to §363(b) may be sold free and clear of any interest in such property of an entity when "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." Courts in the Second Circuit have held that "the existence of judicial and nonjudicial foreclosure and enforcement actions under state law can satisfy section 363(f)(5)." *In re Boston Generating, LLC*, 440 B.R. 302, 333 (S.D.N.Y. 2010)(citing *In re Jolan, Inc.*, 403 B.R. 866, 870 (Bankr. W.D. Wash. 2009)).

28. Here, each of the entities with an interest in the Gatehouse Sale Property could be compelled to accept a money satisfaction of their interest in a judicial or nonjudicial foreclosure proceeding. Accordingly, the Court should grant the relief requested herein pursuant to 11 U.S.C. § 363(f)(2) and (5).

29. Due to the cost of continuing insurance as to lapse by the end of the 2020, and anticipated moving of the vehicles in the event that the sale of the SVC campus closes by the end of the year, time is of the essence in consummating the Sale, it is essential that the sale occur as soon as possible.

**TRUSTEE'S PROPOSED SALE PROCEDURE**

30. Trustee proposes, and by this Motion, seeks authority, to sell the SVC Motor Vehicles in accordance with the following procedures:

(i) The sale is to be a public auction sale, to be noticed in accordance with the requirements of 11 U.S.C. §363 and Bankruptcy Rules.

(ii) The Sale will commence through the web and on-line December 14, 2020 with bidding to occur through and close on December 28, 2020, and for buyers to pickup their purchase following payment on December 29, 2020.

(iii) Trustee will serve a copy of this Motion and Notice of Hearing on the following parties, or in lieu thereof, to their counsel by US mail, first class delivery or alternatively by electronic mail, (if available), to the extent not already served through the Court's ECF: (i) the Office of the United States Trustee for the District of Vermont, (ii) SVHCC, the Buyer, (iv) Community Bank and Poses, lien creditors, (v) SVC Funding; (vi) Vermont Attorney General, (vii) the Town of Bennington, (viii) all parties who have (or are identified on public record as claiming to have) a lien, claim, interest or encumbrance in the SVC Motor Vehicles (as defined in the Motion), (ix) all parties that the Trustee, through due diligence, determine to be potential bidders, (x) all parties in interest that have entered notice of appearance in the case, and (xi) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Trustee will also publish information regarding the Gatehouse Sale Property and notice of the proposed sale at the National Association of Bankruptcy Trustees ("NABT") website "MarketAssetsforSale.com" and with www.inforuptcy.com, both of which are internet sites for the sale of bankruptcy estate and other insolvency

assets, in addition to such Notice of the sale, as the Trustee's real estate advisors and broker provide through their respective websites and marketing services.

## MISCELLANEOUS

31. The SVC Motor Vehicles will be sold "as is-where is" with no warranties or representations of any kind whatsoever, whether expressed, implied or imposed by law. Furthermore, there will be no warranties relating to title, possession or quiet enjoyment.

32. The motor vehicles as personal property by quit claim Bill of Sale.

## NOTICE

33. Trustee will serve a copy of this Motion and Notice of Hearing on the following parties, or in lieu thereof, to their counsel by US mail, first class delivery or alternatively by electronic mail, (if available), to the extent not already served through the Court's ECF: (i) the Office of the United States Trustee for the District of Vermont, (ii) Community Bank, (iii) Poses, (iv) SVC Funding, and Vermont Mill, creditors, (v) Vermont Attorney General, (vi) the Town of Bennington, (vii) all parties who have (or are identified on public record as claiming to have) a lien, claim, interest or encumbrance in the SVC Motor Vehicles, (viii) all parties that the Trustee, through due diligence, determine to be potential bidders, (ix) all parties in interest that have entered

notice of appearance in the case, and (x) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

## **OBJECTIONS**

49. Persons objecting to the sale of the SVC Motor Vehicles as set forth herein, free and clear of all interests, liens and encumbrances, must file a written objection with the Clerk of the Court, 11 Elmwood Avenue, Burlington, Vermont 05401, and effectuate service of a copy thereof on Raymond J. Obuchowski at P.O. Box 60, Burlington, Vermont 05032, both on or before 4:00 p.m. (Eastern) on December 7, 2020.

50. A ZOOM hearing will be held on **December 11, 2020, at 11:00 a.m.**, before the U.S. Bankruptcy Court at the Court's "audio-video / zoom location; and the Courtroom Deputy shall provide the Zoom information to all key parties (as identified by the Trustee). Anyone else who wishes to participate in this hearing may contact the Courtroom Deputy (jody_kennedy@vtb.uscourts.gov) to get the necessary Zoom access information. The AUDIO/ZOOM instructions will be included in the Notice of Hearing under Conventional Procedure.

**WHEREFORE**, the Trustee requests the entry of an Order (i) authorizing him to sell the SVC Motor Vehicles, free and clear of any interest in the SVC Motor Vehicles of any entity other than the Estate; and (ii) approving the terms and conditions of the disposition of SVC Motor Vehicles by public web-based on-line auction, and such other and further relief as the Court deems just and proper.

DATED at Royalton, Vermont: Thursday, November 19, 2020.

**BANKRUPTCY ESTATE OF CORPORATION OF SOUTHERN VERMONT COLLEGE, INC.**

By: /s/ Raymond J. Obuchowski
Raymond J. Obuchowski, Esq.
Attorney to Chapter 7 Trustee
Obuchowski Law Office
PO Box 60; 1542 VT Route 107
Bethel, Vermont 05031
(802) 234-6244 (802) 234-6245 *telefax*
ray@oeblaw.com