### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VERMONT

IN RE:                                                     )
                                                           )
CORPORATION OF SOUTHERN                                    )        Case No. 20-10268-cab
VERMONT COLLEGE, INC.                                      )        *Chapter 7 case*
                          Debtor.                          )

---

**ORDER APPROVING TRUSTEE'S SALE OF CERTAIN REAL ESTATE, FURNITURE, FURNISHINGS, FIXTURES AND EQUIPMENT, ALL OF WHICH ARE LOCATED IN BENNINGTON, VERMONT, AND INFRASTRUCTURE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES WITH LIENS TO ATTACH TO PROCEEDS, AND GRANTING RELATED RELIEF**

*(Southern Vermont College Campus Real Estate and Certain Personal Property Located at 982 Mansion Drive, Bennington, Vermont)*

---

This matter is before the Court for consideration of the Trustee's Motion For Entry Of An Order (I) Approving Proposed Sale of certain real estate, furniture, furnishings, fixtures and equipment, all of which are located in Bennington, Vermont, and infrastructure free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. Sections 363(B) & (F) with liens to attach to proceeds to Southwestern Vermont Health Care Corporation ("Buyer")**,** and (II) approving the terms and conditions of the proposed sale (the "Sale Motion") brought by Raymond J. Obuchowski, the Chapter 7 Trustee (the "Trustee").

The Trustee filed the Motion to Approve Sale on November 16, 2020 [**ECF# 41**]. Attached to the Motion to Approve Sale as Exhibit 1 is a copy of the Purchase and Sale Agreement between the Trustee and the Buyer dated November 12, 2020 ("PSA"). The PSA identifies the property to be sold to Buyer as the real and personal property described in Paragraph 1 thereof, consisting generally of the lands (approximately 371 acres) and buildings of the former campus of Southern

Vermont College with an address of 982 Mansion Drive, Bennington, Vermont, as more specifically described in the PSA (the "Campus Sale Property").

The Trustee provided notice of the Sale Motion by sending his Notice of Motion dated November 16, 2020 [**ECF#41-1**] to the parties identified in his Certificate of Service dated November 16, 2020 [**ECF#42**].   The Trustee's Notice of Motion set forth, *inter alia*, the deadline for filing any objections to the sale or other higher and better offers for the Campus Property to be submitted, and the date this Court would conduct a hearing to consider any objections or higher or better offers.

All parties with known liens or interests in the Campus Property to be extinguished by the sale, with their interests attaching solely to proceeds, all consented to the sale by entering into the following Stipulation and Consent Orders:

Community Bank, N.A. consented to the sale by Stipulation and Consent Order issued December 8, 2020 **[ECF# 94]**.

Frederic Poses consented to the sale by Stipulation and Consent Order issued December 11, 2020 **[ECF# 117].**

Town of Bennington consented to the sale by Stipulation and Consent Order issued December 7, 2020 **[ECF# 88].**

Vermont Mill Properties consented to the sale by Stipulation and Consent Order issued December 2, 2020 **[ECF# 61]**.

Notice of the Office of the Vermont Attorney General's position of Nonobjection to the Trustee's proposed sale of assets of the Corporation of Southern Vermont College, Inc. pursuant to 11B V.S.A. §12.02(g) was filed with the Court. **[ECF #110].**

The Trustee filed his Declaration in support of the sale on December 11, 2020. **[ECF#115]**, and a Declaration of Matthew Bordwin (the estate's real estate professional) in support of the sale on December 10, 2020. **[ECF#109]**.

Buyer filed the Declaration of Thomas Dee in support of the sale on December 10, 2020, **[ECF#103],** which included, among other provisions, that the Buyer had reached agreement with the Vermont Land Trust ("VLT") including that Buyer accepts the existing covenants, restrictions of VLT on the Campus Property in their entirety, including public access to the conserved lands. Buyer also informed the Court at the hearing on December 11, 2020, that Buyer and VLT have an agreement that VLT will waive it purchase option on the conserved lands if the sale of the Campus Property to Buyer is approved by the Court and closed.

Vermont RE Development LLC submitted a qualified higher bid for the Campus Property in the amount of $3,250,000, which the Trustee filed on December 7, 2020. **[ECF#85]**.

Moshe Perlstein submitted a qualified higher bid for the Campus Property in the amount of $3,250,000, which the Trustee filed on December 9, 2020. **[ECF#96]**.

A hearing on the Sale Motion was held on December 11, 2020, at which all three bidders submitted additional bids, with Buyer submitting the highest and best bid in the amount of $4,650,000. Following the sale, Trustee requested that the Court approve his determination that the Buyer's bid was the highest and best bid.

The Sale Motion having been duly noticed, and no objections having been filed,[1] and cause for the relief requested having been shown, and the Trustee having determined in the exercise of his business judgment that the Buyer's offer of $4,650,000 is the highest and best offer for the

---

[1] One provisional objection was filed by Town of Bennington to approval of Moshe Perlstein as buyer, but this objection was rendered moot by his failure to make the highest and best offer.

Campus Property, in accordance with 11 U.S.C. § 363(f), Fed. R. Bankr. P. 6004(c), and Vt. LBR

6004-1 and 6005-1,

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:

1.      The findings and conclusions set forth herein constitute the Court's findings of fact

and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding

pursuant to Bankruptcy Rule 9014.

2.      The Court has jurisdiction over the Sale Motion and the transactions contemplated

therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28

U.S.C. § 157(b)(2)(A), (M), and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and

1409.

3.      The Sale Motion is granted in its entirety.

4.      The Trustee is authorized to sell certain real property and personal property assets

of the bankruptcy estate, which together comprise land and premises located at **982 Mansion**

**Drive, Bennington, Vermont** (the "Campus Sale Property"), to the Buyer, free and clear of any

interest in the Campus Sale Property of any entity other than the bankruptcy estate (the "Estate"),

except as provided in this Order ("Sale"). The Campus Sale Property is further described in

Exhibits A and B to the PSA, a copy of which is attached as Exhibit 1 to the PSA.

5.      Trustee is authorized to sell the Campus Sale Property to the Buyer pursuant to the PSA

free and clear of all liens, claims, and other interests, including without limitation, liens for all real estate

taxes, if any, municipal assessments, the liens of Community Bank, Frederic Poses, SVC Funding LLC,

and Vermont Mill Properties, all as defined in the Sale Motion, and collectively referred to therein as the

Encumbrances ("Encumbrances"). The lien or interest of Vermont Land Trust as to approximately 214.5

acres of the Campus Sale Property under a Grant of Development Rights, Conservation Restrictions and

Public Access Easement, dated May 11, 2005, and recorded at Book 420, Page 149 of the Town of

Bennington Land Records, and the lien of the Town of Bennington under the Inter-Local Agreement by

and between the Town of Bennington and the SVC, dated October 28, 2013, as amended and restated by

First Amended and Restated Inter-Local Agreement dated April 22, 2015 (referred to in the PSA

as the "Water Bond"),  shall not be impaired by the Sale  (collectively with the Permitted

Exceptions listed in Exhibit C to the PSA, the "Permitted Encumbrances").  The Trustee shall

obtain an updated payoff of the amounts owed to the Town of Bennington for Water and Sewer

Charges (but not the Water Bond), and Community Bank on its mortgage, through the date of

closing of the sale, and those specific liens will attach to the proceeds until paid pursuant to this

Order.

6.      Trustee's proposed distribution of proceeds from the sale of the Campus Sale

Property, all as set forth in the Sale Motion and below, is approved.

7.      The Trustee shall, within two  (2) business days of its receipt of the proceeds of the

Campus Sale make the following distributions if not paid directly by Buyer at closing:

    i.      Delinquent and current real estate taxes for the Campus Sale Property, if

    any, current and delinquent water and sewer charges as assessed to the

    Campus Sale Property by the Town of Bennington, in the amount of

    $12,510.33 as of September 29, 2020, and any additional per diem or

    charges as pro-rated through closing is;

    ii.     $150,000.00 (which amount is inclusive of the $25,000 contributed by

    Keen/TPW) plus 5.0% of any amounts exceeding $3,200,000 to the Trustee

    for a net carve-out to the bankruptcy estate it being the intention of the Court

    that such carve-out be net of any and all expenses or deductions for a total

amount of $222,500 (the "Carve-Out") consistent with the Stipulation and

Consent with Order **[ECF#94]**;

iii.    $255,750.00 to Keen/TPW as commissions in the amount of 5.5% of the

Gross Proceeds, which will be apportioned 66.6% to Keen, and 33.3% to

TPW, from which $25,000 will be contributed by Keen/TPW to the Estate's

carve-out, and such gross commission shall be reduced by the $75,000

Engagement fee per the Retention Agreement of April 2019, consistent with

the Application to Employ **[ECF#23]** and Order **[ECF#32]**.

iv.    Closing and recording costs.

v.     The remaining proceeds from the Purchase Price for the Campus Sale

Property after payment of the amounts set forth above, less a credit to the

Buyer for one half of the payment due March 1, 2021 on the Water Bond

(1/2 = approximately $21,406), shall be paid to Community Bank in partial

satisfaction of its secured claim.

8.      The Campus Sale Property will be sold "as is-where is" with no warranties or representations of any kind whatsoever, whether expressed, implied or imposed by law. Furthermore, there will be no warranties relating to title, possession or quiet enjoyment.

9.      The real estate constituting the Campus Sale Property will be conveyed by a Trustee's Deed, by quitclaim only and personal property by Trustee's Bill of Sale and Assignment by quitclaim only.

10.     As evidenced by the pleadings previously filed with this Court, and based on the representations of the Trustee and counsel at the Sale Hearing, (i) proper, timely, adequate, and

sufficient notice of the Sale has been provided in accordance with sections 102(l) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the Local Rules of this Court, the procedural due process requirements of the United States Constitution; (ii) such notice was reasonable, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale shall be required.

11.     A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested in the Sale Motion has been afforded to all interested persons and entities, including without limitation: (i) all entities known to have expressed an interest in a transaction with respect to the Campus Sale Property (or any portion thereof); (ii) any persons or entities known to have asserted any lien, claim or interest in the Campus Sale Property; (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Sale Motion; (iv) the Office of the United States Trustee; (v) the Internal Revenue Service; (vi) all entities that have requested notice in accordance with Bankruptcy Rule 2002; and (vii) all known creditors of the Debtor.

12.     Buyer is a third-party purchaser unrelated to the Debtor or the Trustee.

13.     The Trustee has demonstrated sound business justifications, pursuant to section 363(b) of the Bankruptcy Code, with respect to the Sale and other transactions contemplated by the Sale Motion on the timeline set forth therein.

14.     Buyer is a purchaser in good faith, as that term is used in the Bankruptcy Code and court decisions thereunder and is entitled to the protections of section 363(m) of the Bankruptcy Code. The terms and conditions of the Sale as set forth in the PSA were proposed and agreed to by the Trustee and Buyer as parties thereto without collusion, in good faith, and from arm's-length bargaining positions. The Trustee has followed in good faith the procedures for notice and sale as

set forth in the Bankruptcy Code and Bankruptcy Rules. Buyer is not an "insider" or "affiliate" of

the Debtor (as each such term is defined in the Bankruptcy Code). Neither the Trustee nor Buyer

have engaged in any conduct that would prevent the application of section 363(m) of the

Bankruptcy Code to the Sale and the transactions contemplated by the PSA. Buyer is entitled to the

protections afforded under section 363(m) of the Bankruptcy Code because Buyer is a good faith

purchaser in that, *inter alia*: (a) Buyer's bid was the subject of the opportunity for higher and better

offers by other interested parties, (b) Buyer in no way induced or caused the chapter 7 filings by the

Debtor; (c) all payments to be made by Buyer in connection with the Sale have been disclosed; (d)

(e) any directors of Buyer with any conflict of interest were recused from any participation in this

transaction, and (f) the negotiation and execution of the PSA was at arm's length and in good faith.

15.     In the absence of a stay pending appeal, Buyer will be deemed to have acted in

good faith, pursuant to section 363(m) of the Bankruptcy Code and entitled to the protections therein

in closing the transactions contemplated by the PSA after the entry of this Sale Order and in

accordance with the PSA. Furthermore, in the absence of a stay pending appeal, Buyer closing and

otherwise performing after the entry of the Sale Order in accordance with the PSA while an appeal

or motion for rehearing pertaining to the Sale Order is pending shall entitle the Buyer to the

protections of section 363(m) of the Bankruptcy Code in the event this Sale Order or any

authorization contained herein is reversed or modified on appeal.

16.     Neither Buyer nor the Trustee has engaged in any conduct that would cause or

permit the PSA to be voided under section 363(n) of the Bankruptcy Code. Buyer has not violated

section 363(n) of the Bankruptcy Code by any action or inaction. The sale price to be paid by

Buyer was not controlled by any agreement among any potential bidders. The transactions under

the PSA may not be avoided, and no damages may be assessed against Buyer or any other party

under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

17.     The consideration provided by Buyer for the Campus Sale Property (i) is fair and reasonable; (ii) is the highest and best offer for the property; (iii) constitutes fair consideration and reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform Voidable Transactions Act and section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia; and (iv) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

18.     Through marketing, and an open, non-collusive and competitive sale process, the Trustee (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offers to purchase the Campus Sale Property; and (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Campus Sale Property.

19.     The transfer of the Campus Sale Property to Buyer pursuant to the Sale, the PSA and this Sale Order will be a legal, valid and effective transfer of the Campus Sale Property and shall vest Buyer with all rights, title and interests of the Debtor in and to the Campus Sale Property free and clear of any and all interest in such property of any entity other than the Debtor, except as provided in Paragraph 5 hereof.   Buyer shall be subject to the Permitted Encumbrances as expressly set forth in the PSA and in paragraph 5 hereof.   Buyer shall not assume or become liable for any liability relating to the Campus Sale Property, except for the Water Bond.

20.     All persons or entities having or acquiring an interest in the Campus Sale Property

that is extinguished by operation of this Order shall be forever barred, estopped and permanently enjoined from pursuing or asserting such interest against Buyer or the Campus Sale Property or any of Buyer's assets, property, successors or assigns.

21.     The terms and conditions of the Sale and the PSA, including the total consideration to be realized by the Trustee pursuant to the PSA, are fair and reasonable, and the transactions contemplated by the PSA are in the best interests of the Trustee, the creditors, and the estate. A valid business purpose exists for the approval of the Sale and other transactions contemplated by the Sale Motion.

22.     The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other applicable law relating to the sale of the Campus Sale Property have been satisfied.

23.     The transactions contemplated under the PSA do not amount to a consolidation, merger or de facto merger of Buyer and the Debtor, there is no substantial continuity between Buyer and the Debtor, there is no continuity of enterprise between the Debtor and Buyer, Buyer is not a mere continuation of the Debtor or its chapter 7 estate, and Buyer does not constitute a successor to the Debtor.

24.     The transfer of the Campus Sale Property to Buyer does not and will not subject Buyer or any of its affiliates or subsidiaries to any liability by reason of such transfer under (i) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based in whole or part on, directly or indirectly, including without limitation, any theory of antitrust, environmental, products liability, successor, transferee or vicarious liability, labor law, de facto merger or substantial continuity or (ii) any employment contract, understanding or agreement, including without limitation collective bargaining agreements, employee pension plans or employee welfare or benefit plans (collectively, "Debtor Liabilities"). Buyer has not assumed

and shall not be liable for any obligations of the Debtor or the Trustee, and such liabilities or obligations are expressly excluded from the Sale and shall remain liabilities and obligations of the Debtor and its estate, with the sole exception of the Water Bond.

25.     Time is of the essence in consummating the Sale, it is essential that the Closing thereunder occur as soon as possible. Accordingly, there is cause to lift the fourteen (14) day stay imposed by Bankruptcy Rules 6004 and 6006 and the stay is waived.

26.     Moshe Perlstein as the last unsuccessful highest bidder at $4,600,000 will remain as the "back-up" bidder and his deposit will remain in escrow with the Trustee for the back-up bid until two (2) business days after the closing to the Buyer, at which time the Trustee will refund it to the remitter, or as otherwise directed by the Court.  Within 2 business days of the issuance of this Order, the Buyer, if not already done, shall proceed to remit to the Trustee sufficient funds to increase the deposit to 10% of the purchase price of $4,650,000, being a total deposit of $465,000.00.

27.     This Court will retain jurisdiction to hear and determine all matter arising from or relating to the implementation of this Order and the sale of the Campus Sale Property.


Dated:  December __, 2020

                                           Hon. Colleen A. Brown
                                           United States Bankruptcy Judge