# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CORPORATION OF SOUTHERN | ) | Case No. 20-10268-cab |
| VERMONT COLLEGE, INC. | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| RAYMOND J. OBUCHOWSKI, | ) | |
| TRUSTEE OF THE BANKRUPTCY | ) | |
| ESTATE OF CORPORATION OF | ) | |
| SOUTHERN VERMONT COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| v. | ) | Case No. 21-010____ |
| | ) | |
| SVC FUNDING, LLC and | ) | |
| FREDERIC POSES, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF LIENS, AND TO DETERMINE DISTRIBUTION OF GATEHOUSE SALE PROCEEDS AND FOR DETERMINATION OF OTHER RIGHTS AS TO ESTATE PROPERTY AND EXTENT AND VALIDITY OF LIENS AND INTEREST AND FOR RELIEF UNDER 11 U.S.C.§544**

Raymond J. Obuchowski, the chapter 7 trustee for this estate (the "Trustee"), by and through the undersigned counsel, hereby files this Complaint and Request for Declaratory Judgment to Determine Validity, Priority, and Extent of Liens and Other Rights as to the Debtor's Property pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and pursuant to the *Order Approving Trustee's Motion for Entry of an Order (I) Approving Proposed Sale of certain real estate, furniture, furnishings, fixtures and equipment, all of which are located in Bennington, Vermont, and infrastructure free and clear of all liens, claims, interests*

*and encumbrances pursuant to 11 U.S.C. Sections 363(b) & (f) with liens to attach to proceeds; and (II) approving the terms and conditions of the proposed sale - (Southern Vermont College Gatehouse Real Estate and Certain Personal Property Located at 897 Monument Avenue, Bennington, Vermont)* **[ECF#130],** and *Stipulation and Consent Order between SVC Funding LLC and Raymond J. Obuchowski, Trustee regarding Gatehouse Sale Property* **[ECF#74],** and *Stipulation and Consent Order between Frederic Poses and Raymond J. Obuchowski, Trustee regarding Gatehouse Sale Property* **[ECF#118]** as preserving the parties respective rights in the sale proceeds of the Gatehouse and to determine the validity, priority, and extent of their respective interests, liens and other rights under applicable state law on the Gatehouse property.

## JURISDICTION AND VENUE

1. On August 24, 2020, (the "Petition Date"), a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq. ("Bankruptcy Code") was filed in the United States Bankruptcy Court for the District of Vermont ("Court") by The Corporation of Southern Vermont College, Inc., Case No. 20-10268[1].

2. This Court has jurisdiction over this case and this Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and the Amended Standing Order of Reference from the United States District Court for the District of Vermont dated June 22, 2012. Jurisdiction to grant declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Bankruptcy Rules 7001(2) and 7001(9).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (M).

4. Venue of the case and this adversary proceeding in this district is proper under 28

---

[1] The Debtor previously filed for relief on June 28, 2020, which case was subsequently dismissed on July 4, 2020, Case No. 20-10212.

U.S.C. §§ 1408 and 1409.

5. Pursuant to Rule 7008-1 (a) of the Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Vermont (the "Local Rules"), the Trustee on behalf of the Bankruptcy Estate consents to the Court's entry of a final judgment or order with respect to the adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. This is an action pursuant to Bankruptcy Rules 7001(2) and 7001(9) and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## NATURE OF ACTION

7. The Trustee sought leave to and sold certain property of the bankruptcy estate located at 897 Monument Drive, Bennington, Vermont ("Gatehouse") along with furniture, furnishings, fixtures, equipment, at that location in Bennington, Vermont, together with all appurtenant rights and easements thereto, being the "Gatehouse Sale Property".

8. On December 30, 2020, the Trustee completed and closed on the sale of the Gatehouse Sale Property for the sale amount of $320,000.00, which after closing adjustments and payment of closing expenses (including the "carve out" to the Estate), there remains proceeds from the Gatehouse Sale Property in the amount of $279,338.87[2], as set forth in the Trustee's Report of Sale **[ECF#151]**.

9. On the Petition Date, the Gatehouse was subject to the certain liens or encumbrances of record (collectively, the "Encumbrances") including municipal charges as were paid at closing, but also a Mortgage to SVC Funding, LLC ("SVC Funding") in the original

---

[2] Post-closing there were additional charges and final preservation costs which the Trustee will seek agreement or alternatively "surcharge" against such proceeds and the allegedly "secured" parties for electric and maintenance services.

principal amount of $1,010,000.00, dated April 29, 2019, and recorded in Book 535, Page 20 of the Town of Bennington Land Records, and, Notice of Claim in favor of Frederic Poses ("Poses") in the amount of $2,000,000.00, dated May 1, 2019, filed for record May 2, 2019, and recorded in Book 535, Page 18 of the Town of Bennington Land Records, and by Writ of Attachment to Frederic Poses ("Poses") dated August 19, 2019 and recorded in the Town of Bennington Land Records.

10. Prior to the Petition Date, Poses had disputed the validity of the mortgage to SVC Funding

11. Pursuant to ¶ 7 of the *Stipulation and Consent Order between SVC Funding LLC and Raymond J. Obuchowski, Trustee regarding Gatehouse Sale Property* **[ECF#74]** and pursuant to ¶ 7 of the *Stipulation and Consent Order between Frederic Poses and Raymond J. Obuchowski, Trustee regarding Gatehouse Sale Property* **[ECF#118],** the Trustee brings this action to preserve the Estate's rights with respect to the validity and priority of the liens in such property and proceeds, and other legal rights related to the Gatehouse Sale Property.

12. The Trustee seeks a judgment of this Court declaring the respective rights in the property and proceeds, and determining the validity and priority of the liens and interests, and for determination of the distribution of such proceeds relating to the Gatehouse.

### PARTIES

13. Raymond J. Obuchowski is the Trustee of the Bankruptcy Estate of the Corporation of Southern Vermont College, Inc., as appointed following the Petition Date, thereafter duly qualified, and continues to serve in that capacity.

14. Frederic Poses is a creditor of the Debtor, and maintains an address at 32 Laight Street, New York, New York.

15. SVC Funding is a Maryland Limited Liability Company, with its principal office at 6410 Ridge Drive, Bethesda, Maryland.

## BACKGROUND

16. The Debtor, Corporation of Southern Vermont College, Inc., ("SVC" or "College") is the entity which operated Southern Vermont College, located in Bennington, Vermont, until the cessation of operations as a college in mid-2019.

17. On August 24, 2020, the Debtor filed its petition for relief under Chapter 7 of the United States Bankruptcy Code, as more specifically described in ¶1 herein.

### *2011 Poses financing accommodations*

18. Pre-petition and while operating, the College needed funding in 2011, in which SVC entered into a Bond Purchase Agreement with Merchants Bank (now successor in interest, Community Bank, N.A., referred to herein as the "Bank") dated April 4, 2011.

19. The Bank wanted additional security for its extension of $8,500,000.00 in financing under the Bond Purchase Agreement to SVC.

20. To provide that security, Poses entered into a Limited Guaranty Agreement ("LGA") with the Bank dated April 4, 2011, as amended by the Waiver and Loan Modification Agreement by and among the Bank, Vermont Economic Development Authority, Poses, and SVC and dated as of March 9, 2016.

21. In addition to the LGA, Poses executed a Pledge Agreement with the Bank, as amended by the above-mentioned Waiver and Loan Modification Agreement ("Pledge Agreement").

22. Together the LGA and Pledge Agreement obligated Poses to place $2,000,000.00 in cash and securities in an account at the Bank that secured Poses obligations to the Bank pursuant to the LGA (the "Collateral Account") and, in turn, SVC's obligations to the Bank under the Bond Agreement.

23. The LGA and Pledge Agreement provided that if SVC defaulted under the bond documents by failing to make required payments, and did not cure the default, the Bank could immediately take possession of the cash or securities in the Collateral Account pledged by Poses to pay down the debt to the Bank.

24. In order to protect Poses commitment under the LGA and Pledge Agreement, SVC and Poses executed a (i) Reimbursement Agreement dated April 4, 2011, and (ii) a General Security Agreement, dated April 4, 2011, (the "General Security Agreement"). Collectively the LGA, Pledge Agreement, General Security Agreement, and Reimbursement Agreement were the "Poses Loan Documents."

25. Under the Reimbursement Agreement, SVC was obligated to "immediately and unconditionally pay to Poses upon demand, a sum and interest on such sum equal to the amount which shall have been paid or drawn under the [Limited] Guaranty and Pledge Agreement, plus any charges and expenses which Poses may pay or incur relative to such payment. . . ."

26. The Reimbursement Agreement also provided that Poses was entitled to his costs and fees, including attorney's fees, for enforcing the Reimbursement Agreement, and allowed Poses to bring suit to enforce or protect his rights.

27. Under the General Security Agreement, SVC granted Poses a security interest in all personal property and fixtures of SVC, wherever located, now existing or owned or hereafter arising or acquired, whether or not subject to the Uniform Commercial Code, as the same may be

in effect in the State of Vermont, as amended from time to time ("UCC"), and whether or not affixed to any realty, including, without limitation, (i) all accounts, chattel paper, investment property, deposit accounts, documents, goods, equipment, farm products, general intangibles (including trademarks, service marks, trade names, patents, copyrights, licenses and franchises), instruments, inventory, money, letter of credit rights, causes of action (including tort claims) and other personal property (including agreements and instruments not constituting chattel paper or a document, general intangible or instrument); (ii) all additions to, accessions to, substitutions for, replacements of and supporting obligations of the foregoing; (lit) all proceeds and products of the foregoing, including, without limitation, insurance proceeds; and (iv) all business records and information relating to any of the foregoing and any software or other programs for accessing and manipulating such information (collectively, the "Collateral"). SVC further acknowledged and agreed that the collateral description was intended to cover all assets of the College.

28. No UCC-1 financing statement was filed with the Vermont Secretary of State with the grant of the security interest in 2011, or until 2019.

29. To further secure SVC's obligations under the Reimbursement Agreement, Poses obtained a mortgage on all real and personal property located at 982 Mansion Drive, Bennington, Vermont (the "Campus"), but did not obtain a mortgage on the Gatehouse, as the College did not own the property until 2015, when it received it by Warranty Deed from Ira Wagner and Marcia L. Wagner, dated December 17, 2015, and recorded in Volume 511, Page 104 of the Town of Bennington land Records.

30. The Reimbursement Agreement between SVC and Poses also prohibited SVC from taking on any new debt or pledging any assets of SVC without the consent of Poses.

## *SVC's Closure and Poses Litigation*

31. On or about March 5, 2019 SVC announced it would close at the end of the Spring 2019 semester.

32. On or about March 4, 2019 SVC failed to make a required payment under the Bond Purchase Agreement.

33. On or about March 12, 2019 the Bank wrote to SVC and declared that SVC was in default by missing its March 4, 2019 payment. The Bank gave SVC until March 20, 2019 to cure said default.

34. The Bank also declared the full amount outstanding under the Bond Purchase Agreement to be due and payable upon failure to make the payment by March 20, 2019.

35. On March 15, 2019 the Bank and SVC met with Poses' counsel to discuss a wind-down Plan, (the "Wind Down Plan").

36. The Wind Down Plan set forth mechanisms to repay the Bank, but made no effort to acknowledge, honor or repay the obligation owed to Poses should the Bank draw down the $2,000,000.00 pledged by Poses.

37. The Wind Down Plan contemplated using the diminishing and limited liquidity of SVC to retain a number of expensive professionals to wind down and distribute the assets of SVC.

38. The assets (cash and funds) proposed to be used to pay third parties were pledged as collateral to Poses under the General Security Agreement.

39. As collateral pledged to Poses was spent, Poses security in the collateral diminished and Poses ability to recover amounts due under the Reimbursement Agreement were reduced.

40. The Wind Down Plan contemplated retaining the Board of Trustees and existing Officers and Directors of SVC, to manage the assets, when said persons according to Poses had failed to manage SVC in a fiscally sound manner.

41. On or about March 20, 2019 SVC failed to cure its default and did not pay the outstanding amounts due under the Bond Purchase Agreement. Pursuant to the LGA and Pledge Agreement, by letter dated April 16, 2019, the Bank notified Poses that it had drawn down the amount of $2,000,000.00 pledged by Poses under the LGA and Pledge Agreement.

42. On March 22, 2019, Poses filed its UCC-1 Financing Statement with the Vermont Secretary of State applicable to SVC, to perfect his security interest in all Collateral as described in ¶24 herein, being Financing Statement 19-347167.

43. On or about April 30, 2019, the date Poses received the April 16, 2019 letter, referred to above, Poses executed its rights under the Reimbursement Agreement and sent a demand letter to SVC demanding reimbursement for the $2,000,000.00 plus costs and fees.

44. SVC did not reimburse Poses as demanded.

45. In early April 2019, Poses received correspondence from SVC requesting that Poses consent to SVC borrowing additional funds from certain members of SVC's Board of Trustees.

46. Poses responded to SVC stating that it would consider consenting to such additional indebtedness on certain terms and conditions, but did not consent to the loan.

47. SVC did not respond to Poses.

48. On or about April 30, 2019 Poses learned that without his consent SVC had entered into a loan agreement with the Trustees of SVC ("SVC Funding") wherein the Trustees of the College would loan SVC $900,000.00 (the "Additional Debt") and SVC would grant a mortgage

on its properties owned by SVC, including the Arts Center located at 44 Gypsy Lane, Bennington, Vermont (the "Arts Center Mortgage") and the Gatehouse located at 897 Monument Drive, Bennington, Vermont.

49. The Reimbursement Agreement forbid SVC from taking on any additional debt or encumbering any assets without the consent of Poses.

50. Poses did not approve the new debt that was provided by SVC Funding to SVC.

51. In addition, SVC executed the loan and pledge of assets after Poses became a creditor by way of the Bank's exercise of its rights under the Limited Guaranty and the withdrawal of Poses's pledged funds, pledged in accordance with the Pledge Agreement.

52. On or about May 1, 2019, Poses commenced an action in the Vermont Superior Court, Civil Division, Bennington Unit, entitled *Fredric Poses v. The Corporation of Southern Vermont College, Inc.,* Docket No. 118-5-19 Bncv, ("Poses Lawsuit") with the complaint alleging various counts including I – Breach of Reimbursement Agreement and Default; II – Fraudulent Transfer and Avoidance pursuant to 9 V.S.A. §2288; III – Appointment of Receiver; IV – Breach of Fiduciary Duty. (the "Poses Complaint"). The Poses Complaint set forth and alleged most of the background set forth herein.

53. The Poses Complaint alleged that SVC's entering into the Additional Debt and granting the Arts Center and Gatehouse Mortgage to SVC Funding was made with knowledge of Poses' position and according to Poses with the intent to hinder and defraud him.

54. The Poses Complaint alleged the Additional Debt and Arts Center Mortgage were done to shelter the Arts Center from creditors such as Poses and to defraud creditors for the benefit of SVC's Trustees.

55. The Poses Complaint alleged SVC and the College Trustees' fraudulent intent was evidenced as the Additional Debt and conveyance of the Arts Center Mortgage and Gatehouse Mortgage Deeds to SVC Funding was done to insiders.

56. The Poses Complaint alleged SVC retained control of its assets before and after the pledge, and the Additional Debt was incurred after SVC had been threatened with suit and was insolvent.

57. The Poses Complaint alleged SVC took on the Additional Debt and granted the Arts Center Mortgage and Gatehouse Mortgage to SVC Funding when it and the College Trustees knew that it reasonably could not pay back the College Trustees and SVC was insolvent.

58. A Notice of Claim in favor of Frederic Poses in the amount of $2,000,000.00, dated May 1, 2019, was filed for record May 2, 2019, and recorded in Book 535, Page 18 of the Town of Bennington Land Records.

59. Subsequently Poses sought to intervene in the action commenced by the Bennington Center for the Arts, Inc., Bruce Laumeister and Elizabeth Small, that was also commenced in the Vermont Superior Court, Civil Division, Bennington Unit, entitled *Bennington Center for the Arts, Inc. Bruce Laumeister and Elizabeth Small v. The Corporation of Southern Vermont College, Inc.,* Docket No. 138-5-19 Bncv. ("Laumeister Lawsuit").

60. By an Interim Stipulation and Order, dated July 26, 2019, the Poses Motion to Intervene in the Laumeister Lawsuit was with withdrawn and a consensual nonpossessory Writ of Attachment was granted in favor of Poses in the amount of Two Million Two Hundred and Fifty Thousand Dollars ($2,250,000.00) to satisfy any judgment for damage and costs under the Poses Lawsuit, which attachment included all personal property and artwork owned by SVC; and the real property of the Arts Center and the Gatehouse.

61. The Attachment was such that in the event the State Court in the Laumeister Lawsuit granted judgment in favor of the Bennington Center for the Arts, Laumeister or Small, voiding the gifts of the Arts Center and artwork to SVC, the Poses' attachment on such property would be void and without effect.

62. The Interim Stipulation and Order further provided that it did not resolve any of the substantive claims pending in either the Poses Lawsuit or the Laumeister Lawsuit.

63. As of the date of the filing of the Petition on August 24, 2020, judgment had not been entered in the Poses Lawsuit.

64. On January 4, 2021, Poses filed his Proof of Claim, Claim #9, which sets forth its secured claim in the amount of $2,326,010.04, and includes copies of the note and corresponding loan and mortgage documents.

### *SVC Funding*

65. On April 29, 2019, SVC Funding LLC ("SVCF" of "SVC Funding") made a loan (the "SVCF Loan") to the College in the amount of $1,010,000. The SVCF Loan is evidenced by a promissory note (the "SVCF Note"), and the SVCF Loan is further evidenced by a loan agreement (the "SVCF Loan Agreement") dated contemporaneously with the SVCF Note.

66. The SVCF Loan is secured by a mortgage/lien in the following collateral: (i) the Campus; (ii) the "Gatehouse"; and (iii) improved real estate known as the "Bennington Center for the Arts" (the "BCA" or the "Art Center")

67. The mortgage/liens held by SVCF were granted and evidenced by a mortgage granted contemporaneously with the Note, (the "SVCF Mortgage"). The SVCF Mortgage was recorded on May 2, 2019 at Book 535, Page 20 in the Town of Bennington land records.

68. On November 27, 2020, SVCF filed its Proof of Claim, Claim #5, which sets forth its secured claim in the amount of $1,010,000.00, and includes copies of the note, loan agreement and mortgage documents.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

69. The Trustee incorporates be reference the allegations set forth in paragraphs 1 through 65, above, as if fully set forth herein.

70. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rules 7001(2) and 7001(9).

71. Pursuant to 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

72. On information and belief, Poses and SVCF have or may have interests and liens in the Gatehouse Sale Property and thereafter in the proceeds from the sale of the Gatehouse property, which the validity and priority are subject to dispute, if not with the Estate, certainly as between Poses and SVCF.

73. Based on the foregoing, an actual controversy exists under 28 U.S.C. § 2201.

74. The Trustee and the Estate is therefore entitled to declaratory judgment of the rights and priority as between the Estate, Poses and SVCF and for determination and order for

disbursement of the proceeds from the sale of the Gatehouse Sale Property to the appropriate and senior interest in the property.

## SECOND CLAIM FOR RELIEF
## 11 U.S.C §544 – Trustee's Strong Arm Powers

75. The Trustee incorporates by reference the allegations set forth in paragraphs 1 through 65, above, as if fully set forth herein.

76. SVCF's alleged interest in the Gatehouse property arose by virtue of April 29, 2019 loan transaction, including the granting of the SVCF Mortgage as set forth in ¶ 64 herein.

77. Poses alleged interest in the Gatehouse property and proceeds arose by virtue of the Notice of Claim dated May 1, 2019, and the subsequent Writ of Attachment, dated August 18, 2019.

78. Poses has alleged and asserted that the SVCF Mortgage is avoidable as constituting a fraudulent transfer and avoidance pursuant to 9 V.S.A. §2288.

79. To the extent that Poses prevails upon the avoidance of the SVCF Mortgage as a fraudulent transfer, the Trustee asserts his claim under 11 U.S.C. §544(a)(1) as a judicial lien creditor as it applies against the Poses Notice of Claim and Writ of Attachment.

80. Upon information and belief, at all times relevant to this Complaint, there were actual creditors of the SVC holding unsecured claims allowable within the meaning of sections 502 and 544(b) of the Bankruptcy Code that could have avoided the transfers under applicable state fraudulent transfer law, including but not limited to, Chapter 57, Title 9 of the Vermont Statutes Annotated regarding Voidable Transactions.

## REQUESTED RELIEF

**WHEREFORE**, the Trustee respectfully requests an order of the Court (i) declaring the nature, extent, validity and priority of the liens and interests of Poses and SVCF in the Gatehouse proceeds; (ii) to declare and order the disbursement of the proceeds in such amounts as the Court determines based upon the determination of the parties respective interests; (iii) to the extent that the interest and lien of SVCF is avoided, determination of the Trustee as a judicial lien creditor as of the date of the petition and declaration of the Trustee's interest pursuant to 11 U.S.C §544; and (iv) such other relief as the Court may deem just and proper.

**DATED** at Bethel, Vermont: Tuesday, January 26, 2021.

**RAYMOND J. OBUCHOWSKI, TRUSTEE OF THE BANKRUPTCY ESTATE OF CORPORATION OF SOUTHERN VERMONT COLLEGE, INC.**

By: ___/s/ Raymond J. Obuchowski_____
Raymond J. Obuchowski, Esq.
PO Box 60
Bethel, VT 05032
(802) 234-6244
ray@oeblaw.com

*Attorney to Chapter 7 Trustee*